# IN THE UNITED STATES FEDERAL COURT
# SOUTHERN DISTRICT OF OHIO

PILLAR TITLE AGENCY
3857 North High Street, suite 300
Columbus, Ohio 43214

and

JAMES N. BLAZEK
3857 North High Street, suite 300
Columbus, Ohio 43214

Plaintiffs,

        Case No.2014CV-525

        Judge:

vs.

        28 U.S.C. S 1332
        Diversity Jurisdiction and
        Case in Controversy

Yezhe Pei         47 U.S.C. S. 230
a.k.a.: Richard Pei         Communications Decency Act
143-36 37th Avenue, Apt. 1B
Queens, New York 11354

and

Yelp! Corporation
140 New Montgomery St
San Francisco, CA 94105
Phone number
(415) 908-3801

Defendants.

## JURISDICTION

This case involves matters of Federal Federal Question, Diversity Jurisdiction of the parties, and Damages in excess of $100,000.00.

## STATEMENT OF THE FACTS

1.  Plaintiff Pillar Title Agency is a Real Estate Title, Escrow and Closing Company licensed to do business in Ohio since 1999.  Plaintiff James (Jay) Blazek is an attorney in private practice as an attorney at law since 1993, a resident of the state of Ohio, and not a public figure. He has never been the subject of a disciplinary investigation or sanction during that time by the Ohio Supreme Court or any other governing body of Attorneys since his admission to the Bar.

2.  Upon information and belief, Defendant Yezhe (Richard) Pei is currently a permanent resident of the United States, a resident of the state of New York, but at all times during Plaintiff's representation Defendant was a graduate student at the Ohio State University and a nonresident Alien.

3. That Richard Pei or "RichardP" as he describes himself in his review, is not Defendant's actual name but rather, an alias that Defendant Yezhe Pei has used on the internet web site "Yelp!."

4. That Defendant Pei the only person who has played a part in the original publication of the defamatory statement.

5.  Defendant Yelp Corporation is an Internet Company headquartered in San Francisco, California that, among other service, publishes and rebroadcasts third party business reviews written by the general public that are disseminated throughout the cyber world.

6.  Defendant Yezhe Pei sought Mr. James Blazek's employment on or about November 28, 2011 when he had been sought for questioning by the United States Department of Homeland Security and Internal Customs Enforcement agency. The parties agreed upon an initial meeting to an hourly fee agreement for services rendered to the Defendant Pei.

7. Twenty four hours after Defendant Pei was taken in for questioning, and two days after he first made contact with Plaintiff, his bank accounts were seized by officials of the United States Government, necessitating a modification of their attorney fee agreement from an hourly fee to a contingency fee, whereon Plaintiff Blazek agreed to perform the work for a 20% (twenty percent) contingent fee. The contingency fee agreement was signed by Defendant Pei; the hourly fee agreement was not.

8. Between October of 2011 to June of 2013 Defendant Pei employed Plaintiff James Blazek with regard to Immigration, Taxation, Corporate, domestic and Criminal matters, along with a Customs Enforcement Action proceeding by Homeland Security after seizure of his personal and/or business funds; Plaintiff Blazek's efforts resulted in reclamation of Defendant's funds seized by the United States Government, in an amount of almost $140,000.00.

9. Plaintiff James Blazek will show through evidence at a trial in this matter that his representation efforts culminated in the successful conclusion of the case and inured to the satisfaction of the client and defendant Yezhe Pei.

10. Plaintiff James Blazek will also show through evidence at a trial in this matter that Defendant Pei acknowledged via written correspondence that a contingency fee agreement existed.

11. That almost an entire year after Mr Pei's case was concluded to Pei's benefit, Pei continued to seek assistance from Plaintiff Blazek, Defendant Pei terminated Mr. Blazek's representation and filed a complaint with the Columbus Bar Association. Said complaint stated the same facts that are at issue in this case. The complaint was duly investigated and was dismissed.

12. That subsequent to dismissal of the Columbus Bar Association complaint Pei filed a complaint with the Ohio Supreme Court Disciplinary Counsel. Said complaint stated the same facts that are at issue in this case. The complaint was duly investigated and was dismissed.

13. That Subsequent to dismissal of Pei's complaint with the Ohio Supreme Court, Defendant Pei filed a fee dispute complaint with the Columbus Bar Association demanding arbitration of a Fee agreement in the hopes of obtaining a refund of legal fees from Mr.

Blazek.

14. Soon after dismissal of his complaints to the Ohio and Columbus Bars, and after he filed the request for Fee arbitration, on 3/17/14, Mr. Pei wrote a damaging and defamatory business review of James Blazek and Pillar Title agency on the Yelp! Website under the following URL: the URL known as http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus .  (See ex. "A".) The review contained the same allegations that Pei maintained before the Columbus Bar Association and the Ohio Supreme Court.

15. That on April 10, 2014, Mr. Pei aired his grievances before the Board of attorney arbitrators at the Columbus Bar Association.

16. On April 13, 2014, the Board issued a decision denying Mr. Pei's claims for restitution of attorney's fees; furthermore, the board stated that Mr. Blazek's earned fee was just and accorded a fee amount to him in excess of the fee he actually received.

## COUNT I- DEFAMATION- LIBEL of Pillar Title Agency and James Blazek and as against Defendant Yezhe Pei

.    17. Plaintiff restates the allegations in Counts one through sixteen of Plaintiff's complaint.

18. Pillar Title Agency is a Title and Escrow Company owned by Plaintiff James Blazek and headquartered in Columbus, Ohio.

19. That in fact Pillar Title has no relationship with nor has performed any services on behalf of Mr. Pei or his case in controversy before the United States I.C.I.S. and the Department of Justice.

20. Despite the fact that Pillar Title agency had no connection to the representation by Blazek on behalf of Defendant Pei, and Defendant Pei had knowledge of Pillar Title's non-representation in his case, he willfully published his review with reckless disregard of that fact.

21. On or about 3/17/2014 Defendant Richard Pei, a.k.a Yezhe Pei, penned a review of Pillar Title on the Yelp! business review website on URL http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus that asserts the

following, among other things:

5

22. The statement "Be careful about this dishonest lawyer" asserting that Jay Blazek is dishonest, which in itself is malice per se, with an intent to commit harm.

23. That, in his review, Mr. Pei stated that Plaintiff Blazek "...faked" a contract for services, and that by implication, perpetrated a fraud upon the defendant Pei during the course of representation;

24. That James Blazek is "...greedy" when if fact attorney Blazek charged well below the legal contingency standard in the legal industry for this scope of work.

25. That Mr. Blazek "...lied" to him with regard to client money placed in his trust account when his agreement with the Government Prosecutor was that the money would not be released until conclusion of the appeal, either to the US government or to the client, constituting a de facto freeze on the plaintiff's trust account.

26. That the Plaintiff "..threatened" him;

27. That by implication attorney had stolen client's money when in fact attorney had worked for a reduced customary fee and fully accounted for and returned all of Defendant's money pursuant to the fee agreement;

28. That jointly and severally, these assertions are false, made with malice, and constitute libel per se;

29. That such speech is defamatory per se and per quod; that damages are presumed nominal.

30. That, anachronistically, in spite of his assertions that he was taken advantage of, Defendant Pei sought Blazek's Counsel and maintained an attorney client relationship with plaintiff for 9 months after successful completion of his case

31. That Plaintiff has suffered emotional distress and damages as a result of Defendant's Libel in excess of $100,000.00, as such damages will be proven at trial in this matter.

6

## COUNT II - DEFAMATION-LIBEL AS AGAINST DEFENDANT YELP!

32. Plaintiff restates the allegations in Counts one through thirty-one of plaintiff's complaint.

33. Defendant Yezhe "Richard" Pei broadcast the defamatory speech in the internet on or about March 16, 2014, via posting such false and defamatory statements in Yelp website under the URL known as http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus

34. That Yelp! Corporation is an internet website with a global reach and substantial market and advertisement penetration in the United states and all over the world.

35. As such Yelp is a Is a re-broadcaster and/or publicizer and global disseminator of such false and defamatory statements and liable for the content therein.

36. That Yelp had a duty to investigate whether or not the assertions of Defendant Pei's were true;

37. That Yelp failed to prevent, restrain, or filter the false and defamatory content of Defendant Pei and as such is liable for the transmission thereof, both as against Plaintiffs Blazek and Pillar.

## COUNT III NEGLIGENCE AS AGAINST DEFENDANT YELP!

38. Plaintiffs restate the allegations in Counts one through thirty seven of Plaintiff's complaint.

39. Yelp has an affirmative duty to determine the veracity and truthfulness of the content of Mr. Pei's assertions; namely, whether the publication under Pillar Title is in fact an accurate review of a title agency or a review of a third person attorney who never acted on behalf of such title agency as to his representation of the Defendant.

40. That, in their inability to determine the veracity of said statements, Yelp has a duty to filter and screen for veracity the truthfulness of Defendant Pei's assertions.

41. That Yelp! failed in that duty.                                                                                                        7

42. That Yelp is the proximate causation for the dissemination and broadcast of false and defamatory statements made by Pei.

43. That such statements resulted in a harm to the reputation and loss of business for Plaintiffs Blazek and Pillar Title.

44. That Defendant Yelp is in violation of Section 47 U.S.C. 230, the Communications Decency Act, which offers no protections to a Defendant who rebroadcasts defamatory speech as against a business that has nothing to do with the subject matter of Defendant's defamatory speech.

45. That Yelp is liable for damages in excess of $100,000.00 as against Plaintiff Blazek and Plaintiff Pillar Title for the rebroadcasting of Defendant Pei's false, defamatory assertions.

### COUNT IV- NEGLIGENCE, NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANT PEI

46. Plaintiffs restates the allegations in Counts one through forty-five of Plaintiff's complaint.

47. Defendant Pei had knowledge that the there was no validity to the truthfulness of his statements and acted with malice or disregard to the veracity of his written statements.

48. Defendant Yelp! is negligent for intentionally broadcasting false, damaging and defamatory statements regarding the Plaintiff Blazek and Pillar Title Agency.

49. Plaintiffs will show that the actions of Defendants caused psychological and emotional suffering and distress to the plaintiff resulting in harm to his mental and physical health, medical treatment and bills which will be quantified at trial in this matter.

50.     Defendants actions constitute Negligence and negligent infliction of emotional distress, resulting in lost wages, physical injury and emotional distress to the plaintiff in this matter, and damages in excess of $100,000.00.

8

## COUNT V- INJUNCTIVE RELIEF

**JOINT MOTION FOR A TEMPORARY INJUCTION AS TO DEFENDANTS PEI and YELP! CORPORATION**

51. Plaintiffs restate the allegations in Counts one through fifty of Plaintiff's complaint.

52. Plaintiffs prayerfully seek an Order from the Court enjoining Defendants from harassing, intimidating, or threatening the Plaintiffs;

53. Plaintiffs moreover seek temporary injunctive relief from this Court as against Yelp Corporation Plaintiff requests an order from this Court removing the URL written by Pei and published on Yelp from its pillar title review on their website to remove the URL known as  http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus  until conclusion of this case.

54. Plaintiffs seek an Order permanently restraining the continued broadcast of the libelous, defamatory, defamatory writings against Yelp! Corporation.

55. Furthermore, Plaintiffs prayerfully seek an Order from the Court enjoining Defendant Pei from continuing to broadcast harmful speech and defamatory statements about the Defendants, orally, in print and in electronic medium, and from harassing, intimidating, or threatening the Plaintiffs through any other electronic, print or audio/visual medium.

**WHEREFORE, Plaintiffs prayerfully request damages against the Defendants be awarded in an amount exceeding $100,000.00; that the Defendant  be restrained from interfering with, intimidating or harassing the plaintiffs further, and that all Court costs and attorney's fees be assessed against Defendant Pei; moreover, that damages be awarded as against the Defendant Yezhe Pei for his outrageous, tortious conduct, an amount which will be proven at trial in this matter.**

Respectfully Submitted,

S/S: James N. Blazek
James N. Blazek (0062510)

Attorney for Plaintiff
Pro Se
Pillar Title Agency
3857 N. High Street, Ste 300
Columbus, Ohio 43214
614-268-0410
fx: 614-268-0661
Skype: Blazek1793
jamesblaze1793@gmail.com

9