## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**PILLAR TITLE AGENCY, et al.,**
      **Plaintiffs,**

                                      **Case No. 2:14-cv-00525**
  **v.**                                   **JUDGE EDMUND A. SARGUS, JR.**
                                        **Magistrate Judge Terence P. Kemp**

**PEI, et al.,**
              **Defendants.**

### ORDER

This matter is before the Court on Plaintiffs' joint motion for injunctive relief as to City-Data.com, care of Advameg, Inc.  Doc. 9.

Plaintiffs' request for temporary injunctive relief is **DENIED** as to City-Data.com and Advameg, Inc., *see Ashley v. City of Jackson*, 464 U.S. 900, 902 (1983) ("[I]t is a violation of due process for a judgment to be binding on a litigant who was not a party nor a privy and therefore has never had an opportunity to be heard."); *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 508 F. App'x 498, 502 (6th Cir. 2012) ("[A]n injunction may bind . . . . persons who are in active concert or participation with a party or its officers, agents, servants, employees, or attorneys." (internal quotation marks omitted)); and **DENIED** as to any other defendants against whom Plaintiffs' requested that it apply, *see Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002) ("A prior restraint is permissible if the restrained speech poses a grave threat to a critical government interest or to a constitutional right." (internal quotation marks omitted)); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226–27 (6th Cir. 1996) ("In the case of a prior restraint on pure speech, the hurdle is substantially higher: publication must threaten an interest more fundamental than the First Amendment itself.  Indeed,

the Supreme Court has never upheld a prior restraint, even faced with the competing interest of national security or the Sixth Amendment right to a fair trial.").

Plaintiffs' request for permanent injunctive relief is also **DENIED** without prejudice to re-filing pending the outcome of this case. *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1206 (6th Cir. 1990) ("Insofar as the plaintiffs' demand for a permanent injunction is concerned, [t]he usual rule is that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages." (internal quotation marks omitted)).

**IT IS SO ORDERED.**

_____9 -/4-2014_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**