## IN THE UNITED STATES FEDERAL COURT
## SOUTHERN DISTRICT OF OHIO

PILLAR TITLE AGENCY
3857 North High Street, suite 300
Columbus, Ohio 43214

and

JAMES N. BLAZEK
3857 North High Street, suite 300
Columbus, Ohio 43214

Plaintiffs,

          Case No.2014CV-525

vs.

          Judge: Sargus

          28 U.S.C. S 1332
          Diversity Jurisdiction and
          Case in Controversy

Yezhe Pei           47 U.S.C. S. 230
a.k.a.: "Richard" Pei           Communications Decency Act
14336 37th Avenue, Apt. 1B
Flushing, New York 11354

and

Advameg, Inc.,
d.b.a. City Data
1220 Iroquis, suite 100
Naperville, Ilinois, 60563

Defendants.

**<u>JURY DEMAND</u>**
<u>1</u>

# AMENDED COMPLAINT

Plaintiffs are not required to file a Motion for Leave to Amend their complaint as no service has been performed on the Defendants at the present time. The Amended Complaint adds one additional Count and maintains the allegations against the same defendant Pei , removes one Defendant, Yelp! Corp. and adds a new Defendant, Advameg, Inc., doing business as the website known as City Data.

## JURISDICTION

This case involves matters of Federal Federal Question, Diversity Jurisdiction of the parties, and Damages in excess of $100,000.00.

## STATEMENT OF THE FACTS

1.  Plaintiff Pillar Title Agency is a Real Estate Title, Escrow and Closing Company licensed to do business in Ohio since 1999.  Pillar Title in a real estate title insurance and escrow agency licensed to do business since 1999, and has never been investigated for any civil or criminal malfeasance or accused of any impropriety to date. Plaintiff James (Jay) Blazek is an attorney in private practice as an attorney at law since 1993, a resident of the state of Ohio, and not a public figure. He has never been investigated by any governing agency nor the subject of a disciplinary investigation or sanction during that time by the Ohio Supreme Court or any other governing body of Attorneys since his admission to the Bar.

2.  Upon information and belief, Defendant Yezhe (Richard) Pei is currently a Citizen of the Republic of China, an applicant for permanent residence of the United States, a resident of the state of New York, but at all times during Plaintiff's representation Defendant was a graduate student at the Ohio State University and a nonresident Alien here on Student Visa status.

3. That Richard Pei or "RichardP" as he describes himself in his review, is not Defendant's actual name but rather, an alias that Defendant Yezhe Pei has used on the internet web site "Yelp!" and "City-Data".

4. That Defendant Pei the only person who has played a part in the original publication of the defamatory statement.

2

5.  That Defendant City Data and Yelp Corporation are Internet Companies headquartered in San Francisco, California and Chicago, respectively, that, among other service, publishes and rebroadcasts third party business reviews written by the general public that are disseminated throughout the cyber world.

6.  Defendant Yezhe Pei sought Mr. James Blazek's employment on or about November 28, 2011 when he had been sought for questioning by the United States Department of Homeland Security and Internal Customs Enforcement agency. The parties agreed upon an initial meeting to an hourly fee agreement for services rendered to the Defendant Pei.

7. That merely twenty four hours after Defendant Pei was taken in for questioning, and two days after he first made contact with Plaintiff, his bank accounts were seized by officials of the United States Government, necessitating a modification of their attorney fee agreement from an unsigned hourly fee to a signed contingency fee, whereon Plaintiff Blazek agreed to perform the work for a 20% (twenty percent) contingent of any and all monies returned to the Defendant. The contingency fee agreement was signed by Defendant Pei; the hourly fee agreement was not. At all times during the scope of representation, the parties conducted a course of dealing in reliance on such a contingency fee agreement.

8. Between October of 2011 to June of 2013 Defendant Pei employed Plaintiff James Blazek with regard to Immigration, Taxation, Corporate, domestic and Criminal matters, along with a Customs Enforcement Action proceeding by Homeland Security after seizure of his personal and/or business funds. Plaintiff Blazek's efforts resulted in reclamation of Defendant's funds seized by the United States Government, in an amount of almost $140,000.00.

9. Plaintiff James Blazek will show through evidence at a trial in this matter that his representation efforts culminated in the successful conclusion of the case and inured to the satisfaction of the client and defendant Yezhe Pei.

10. Plaintiff James Blazek will also show through evidence at a trial in this matter that Defendant Pei acknowledged via written correspondence that a contingency fee agreement existed.

11.    That for almost an entire year after Mr Pei's case was concluded to Pei's benefit, Pei continued to seek assistance from Plaintiff Blazek; Defendant Pei terminated Mr. Blazek's

representation and filed a complaint with the Columbus Bar Association almost one year *after* Blazek was paid his fee. Said complaint stated the same facts that are at issue in this case. The complaint was duly investigated and was dismissed.

12. That subsequent to dismissal of the Columbus Bar Association complaint Pei filed a complaint with the Ohio Supreme Court Disciplinary Counsel. Said complaint stated the same facts that are at issue in this case. The complaint was duly investigated and was dismissed.

13. That Subsequent to dismissal of Pei's complaint with the Ohio Supreme Court, Defendant Pei filed a fee dispute complaint with the Columbus Bar Association demanding arbitration of a Fee agreement in the hopes of obtaining a refund of legal fees from Mr. Blazek.

14. Soon after dismissal of his complaints to the Ohio and Columbus Bars, and after he filed the request for Fee arbitration, on 3/17/14, Mr. Pei wrote a damaging and defamatory business review of James Blazek and Pillar Title Agency on the Yelp! Website under the following URL: the URL known as http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus . (See ex. "A".) The review contained the same allegations that Pei maintained before the Columbus Bar Association and the Ohio Supreme Court.

15. That on April 3, 2014, 7 days prior to his Fee arbitration hearing with the Columbus Bar, Mr. Pei filed the following defamatory and libelous statement on the City-Data website:
http://www.city-data.com/forum/ohio/2086704-cheated-lawyer-mr-jay-blazek-need.html
(See Ex. "B".)

16. That on April 10, 2014, Mr. Pei aired his grievances before the Board of attorney arbitrators at the Columbus Bar Association in a two hour session. Mr. Pei did not proffer at said hearing one single piece of tangible, written evidence to support his claims.

17. On April 13, 2014, the Board issued a decision denying Mr. Pei's claims for restitution of attorney's fees; furthermore, the board stated that Mr. Blazek's earned fee was just and accorded a fee amount to him in excess of the fee he actually received.

## COUNT I- DEFAMATION- LIBEL OF PILLAR TITLE AGENCY AND JAMES BLAZEK AS AGAINST DEFENDANT YEZHE PEI

18. Plaintiff restates the allegations in Counts one through sixteen of Plaintiff's complaint.

19. Pillar Title Agency is a Title and Escrow Company owned by Plaintiff James Blazek and headquartered in Columbus, Ohio.

20. That in fact Pillar Title has no relationship with nor has performed any services on behalf of Mr. Pei or his case in controversy before the United States I.C.I.S. and the Department of Justice.

21. Despite the fact that Pillar Title had no connection to the representation by Plaintiff Blazek on behalf of Defendant Pei, and Defendant Pei had knowledge of Pillar Title's non-representation in his case, he willfully published his review on the Yelp! Webpage with reckless disregard of that fact.

22. On or about 3/17/2014 Defendant Richard Pei, a.k.a Yezhe Pei, penned a review of Pillar Title on the Yelp! business review website on URL http://m.yelp.com/not recommended reviews/pillar-title-agency-columbus that asserts the following, among other things:

23. The statement "Be careful about this dishonest lawyer" asserting that Jay Blazek is dishonest, which in itself is malice per se, with an intent to commit harm.

24. That, in his review, Mr. Pei stated that Plaintiff Blazek "...faked" a contract for services, and that by implication, perpetrated a fraud upon the defendant Pei during the course of representation;

25. That James Blazek is "...greedy" when if fact attorney Blazek charged well below the legal contingency standard in the legal industry for this scope of work.

26. That Mr. Blazek "...lied" to him with regard to client money placed in his trust account when his agreement with the Government Prosecutor was that the money would not be released until conclusion of the appeal, either to the US government or to the client, constituting a de facto freeze on the plaintiff's trust account.

27. That the Plaintiff "..threatened" him;

28. That by implication attorney had stolen client's money when in fact attorney had worked for a reduced customary fee and fully accounted for and returned all of Defendant's money pursuant to the fee agreement;

29. That these assertions are false, made with malice, and constitute libel per se;

30. That such speech is defamatory per se and per quod; that damages are presumed nominal.

31. That, anachronistically, in spite of his assertions that he was taken advantage of, Defendant Pei sought Blazek's Counsel and maintained an attorney client relationship with plaintiff for 9 months after successful completion of his case and payment of the fee.

32. That Plaintiff has suffered lost business, lost profits, lost good will, emotional distress and damages as a result of Defendant's Libel in excess of $100,000.00, as such damages will be proven at trial in this matter.

## COUNT II - DEFAMATION-LIBEL OF PLAINTIFF BLAZEK AS AGAINST DEFENDANT ADVAMEG, D.B.A. City Data

33. Plaintiff restates the allegations in Counts one through thirty-one of plaintiff's complaint.

34. Defendant Yezhe "Richard" Pei broadcast the defamatory speech in the internet on or about March 16, 2014, via posting such false and defamatory statements in Advameg website under the URL known as http://www.city-data.com/forum/ohio/2086704-cheated-lawyer-mr-jay-blazek-need.html: stating in no uncertain terms that Blazek "cheated" him, "unfairly treated" him. "took advantage" of him; that Blazek had a "strategy" to present a "faked contract", that Blazek is "greedy" and "dishonest", and that "he violently pushed me out of his office."

35. That Advameg Corporation is an internet website with a global reach and substantial market and advertisement penetration in the United states and all over the world.

36. As such Advameg is a Is a re-broadcaster and/or publicizer and global disseminator of

such false and defamatory statements and liable for the content therein.

37. That Advameg had a duty to investigate whether or not the identity "Richard" was a false identity used by Yezhe Pei; whether the views expressed by the Defendant were germane to the purpose of City Data; and whether the assertions of Defendant Pei's were true; and as to whether the standards for publication have been complied with on the part of the Defendant Pei.

38. That Advameg failed to prevent, restrain, or filter the false and defamatory content of Defendant Pei and as such is liable for the transmission thereof, both as against Plaintiff Blazek.

### COUNT III NEGLIGENCE AS AGAINST DEFENDANT ADVAMEG dba CITY-DATA

39. Plaintiffs restate the allegations in Counts one through thirty seven of Plaintiff's complaint.

40. Advameg and City-Data have an affirmative duty to determine the veracity and truthfulness of the content of Mr. Pei's assertions; namely, whether the publication review as to Jay Blazek is in fact an accurate review

41. That, in their inability to determine the veracity of said statements, Advameg and City-Data has a duty to filter and screen for veracity the truthfulness of Defendant Pei's assertions.

42. That Advameg and City-Data failed in that duty.

43. That Advameg and City-Data are the proximate causation for the dissemination and broadcast of false and defamatory statements made by Pei.

44. That such statements resulted in a harm to the reputation and loss of business for Plaintiff Blazek.

45. That Defendant Advameg and City-Data is in violation of Section 47 U.S.C. 230, the Communications Decency Act, which offers no protections to a Defendant who rebroadcasts defamatory speech as against a business that has nothing to do with the subject matter of Defendant's defamatory speech.

46. That Advameg and City-Data is liable for damages in excess of $100,000.00 as against Plaintiff Blazek for the rebroadcasting of Defendant Pei's false, defamatory assertions.

## COUNT IV- NEGLIGENCE, NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANT PEI

47. Plaintiffs restates the allegations in Counts one through forty-five of Plaintiff's complaint.

48. Defendant Pei had knowledge that the there was no validity to the truthfulness of his statements and acted with malice or disregard to the veracity of his written statements.

49. Defendant Advameg and City-Data is negligent for broadcasting false, damaging and defamatory statements regarding the Plaintiff Blazek;

50. Defendant Pei is negligent for intentionally broadcasting false, damaging and defamatory statements regarding the Plaintiff Blazek and Pillar Title Agency

51. Plaintiffs will show that the actions of Defendants caused psychological and emotional suffering and distress to the plaintiff resulting in harm to his mental and physical health, medical treatment and bills which will be quantified at trial in this matter.

52. Defendants actions constitute Negligence and negligent infliction of emotional distress, resulting in lost wages, physical injury and emotional distress to the plaintiff in this matter, and damages in excess of $100,000.00.

## COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS BY DEFENDANT PEI AS AGAINST PLAINTIFFS BLAZEK AND PILLAR

53. Plaintiffs restates the allegations in Counts one through forty-five of Plaintiff's complaint.

54. Plaintiffs Pillar and Blazek will show that the conduct of defendant Pei was so outrageous under the circumstances that there was no other possible motivation or writing the reviews other than spite, ill will, malice aforethought, and with the pointed intent to harm the business and commercial interests of Plaintiffs Pillar and Blazek.

55. That with the advent upon him of a fee arbitration hearing, Pei was afforded the due process opportunity to obtain relief and the money he claimed he was cheated from at that hearing.

56. That Pei did not present one single piece of evidence at the hearing on his behalf, not an exhibit, note or email between he and plaintiffs, and moreover, failed to produce a copy of the contract he claimed his payment was based on.

57. That by publishing his statement that he was "cheated" by Blazek, knowing that he could not obtain assistance, that recourse was availing to him in one week via a due process proceeding he requested, and that the only motive he could have was to intentionally and maliciously prevent third parties from using the services of Blazek and Pillar Title Agency and to cause them emotional distress.

## COUNT V- INJUNCTIVE RELIEF

### JOINT MOTION FOR A TEMPORARY INJUNCTION AS TO DEFENDANTS PEI and ADAVAMEG CORPORATION

58. Plaintiffs restate the allegations in Counts one through fifty of Plaintiff's complaint.

59. Plaintiffs prayerfully seek an Order from the Court enjoining Defendant Pei from harassing, intimidating, or threatening the Plaintiffs;

60. Plaintiffs seek an Order permanently restraining Defendant Pei from the continued broadcast of the libelous, defamatory, defamatory writings about them;

61. Furthermore, Plaintiffs prayerfully seek an Order from the Court enjoining Defendant Pei from continuing to broadcast harmful speech and defamatory statements about the Defendants, orally, in print and in electronic medium, and from harassing, intimidating, or threatening the Plaintiffs through any other electronic, print or audio/visual medium.

**WHEREFORE, Plaintiffs prayerfully request damages against the Defendants be awarded in an amount exceeding $100,000.00; that the Defendant be restrained from interfering with, intimidating or harassing the plaintiffs further, and that all Court costs and attorney's fees be assessed against Defendant Pei; moreover, that damages be awarded as against the Defendant Yezhe Pei for his outrageous, tortious conduct, an amount which will be proven at trial in this matter.**

9.

    Respectfully Submitted,


    <u>S/S: James N. Blazek</u>
    James N. Blazek (0062510)
    Attorney for Plaintiff
    Pro Se
    Pillar Title Agency
    3857 N. High Street, Ste 300
    Columbus, Ohio 43214
    614-268-0410
    fx: 614-268-0661
    Skype: Blazek1793
    jamesblaze1793@gmail.com

11