```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Pillar Title Agency, et al.,    :

      Plaintiffs,          :

  v.                            :    Case No. 2:14-cv-525

Yezhe Pei , et al.,             :    JUDGE EDMUND A. SARGUS, JR.

      Defendants.          :    Magistrate Judge Kemp

<u>ORDER</u>

    Defendant Yezhe Pei has filed a motion to quash a subpoena issued by Plaintiffs to his current employer, and for a protective order directing that information responsive to the subpoena not be provided to Plaintiffs.  The time for filing a response has passed, and no response has been filed.  The Court therefore treats the motion as unopposed, and also accepts the factual representations in the motion.  One such representation is that a copy of the subpoena was not served on Mr. Pei when it was issued to his employer.

    Fed.R.Civ.P. 45(a)(4) reads as follows: "(4) **Notice to Other Parties Before Service.**  If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  As the 2013 Advisory Committee Notes point out, this rule is "intended to achieve the ... purpose of enabling the other parties to object or to serve a subpoena for additional materials."  The failure to comply with this rule can lead not only to quashing the subpoena ("the notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena") but also to sanctions. <u>Mirra v. Jordan</u>, 2014 WL 2511020, *3 (S.D.N.Y. May 28, 2014).  The Court will quash the subpoena, and advises Plaintiffs to avoid any future noncompliance with this rule.

For these reasons, the motion to quash and for a protective order (Doc. 28) is granted.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge