```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Pillar Title Agency, et al.,    :

      Plaintiffs,            :

  v.                              :      Case No. 2:14-cv-525

Yezhe Pei, et al.,              :      JUDGE EDMUND A. SARGUS, JR.

      Defendants.            :      Magistrate Judge Kemp


<u>OPINION AND ORDER</u>

    This matter is before the Court on several motions. Specifically, the following motions, filed by Defendant Yezhe Pei, are before the Court for resolution: the "motion to quash plaintiff Blazek's discovery requests which violate court order" (Doc. 34); the "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plantff [sic] Blazek have [sic] lied again" (Doc. 40); and the "motion pursuant to Fed. R. Civ. P. 26 and to quash plaintiff Blazek's discovery, and to sanction plaintiff Blazek for contempt of court" (Doc. 42).  Also before the Court are Plaintiffs' "motion for court ordered mediation via attorney mediator" (Doc. 31) and motion to compel (Doc. 37).  For the reasons set forth below, the following motions will be granted in part and denied in part:  Mr. Pei's "motion to quash plaintiff Blazek's discovery requests which violate court order" (Doc. 34), Plaintiffs' motion to compel (Doc. 37), and Mr. Pei's "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plantff [sic] Blazek have [sic] lied again" (Doc. 40).  Mr. Pei's "motion pursuant to Fed. R. Civ. P. 26 and to quash plaintiff Blazek's discovery, and to sanction plaintiff Blazek for contempt of court" (Doc. 42) and Plaintiffs' "motion for court ordered mediation via attorney mediator" (Doc. 31) will be denied.

I. <u>Background</u>

Plaintiffs Pillar Title Agency and James N. Blazek filed this lawsuit on June 4, 2014 against Defendants Yezhe Pei and Yelp! Corporation alleging that Mr. Pei published false statements about them on the internet.  More specifically, Plaintiff brought claims for defamation, libel, negligence, and negligent infliction of emotional distress/intentional infliction of emotional distress.  Plaintiffs later voluntarily dismissed Yelp! Corporation from this lawsuit.  Plaintiffs also filed a motion seeking injunctive relief, which the Court denied.

On August 22, 2014, Plaintiffs filed an amended complaint against Mr. Pei and Advameg, Inc. d.b.a. City Data alleging defamation, libel, negligence, negligent infliction of emotional distress/intentional infliction of emotional distress, and tortious interference with business relations.  Plaintiffs later dismissed Advameg, Inc. d.b.a. City Data.

Thereafter, Mr. Pei filed an unopposed motion to quash a subpoena issued by Plaintiffs to his employer and for a protective order directing that information responsive to the subpoena not be provided to Plaintiffs.  In the motion, Mr. Pei represented that he was not served with a copy of the subpoena issued to his employer.  In an order issued on January 16, 2015, the Court accepted Mr. Pei's factual representation, quashed the subpoena, and granted the protective order.  In addition, the Court advised Plaintiffs to avoid any future noncompliance with Fed. R. Civ. P. 45(a)(4).

On February 10, 2015, Mr. Pei filed a "motion to quash plaintiff Blazek's discovery requests which violate court order." (Doc. 34).  In the motion, Mr. Pei seeks to quash discovery on the grounds that "this Court lacks personal jurisdiction (FRCP 12(B)(2))" over him, and the discovery requests "the same documents that have been prohibited by the Court Order (Doc. 30)." <u>Id</u>. at 2.  Mr. Pei argues that, in seeking the discovery, Plaintiffs have violated the Court's January 16, 2015 order. Consequently, Mr. Pei "moves for sanctions ... against Plaintiff

Blazek, which include the dismissal of this case and a monetary fine." Id.  Plaintiffs filed a memoranda in opposition to the motion to quash and motion to compel discovery on February 18, 2015.  (Doc. 37).

On March 16, 2015, Mr. Pei filed a "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plaintff [sic] Blazek have [sic] lied again" (Doc. 40).  In the motion, Mr. Pei contends that Plaintiffs failed to serve him with their memorandum in opposition to his motion to quash (Doc. 37) and their response to his pending motion for Rule 11 sanctions, for attorneys' fees, and for an oral hearing (Doc. 38).  Mr. Pei requests that the Court compel Plaintiffs to provide him with service of these documents and grant him fourteen days from the time of service to file a response.  Plaintiffs have not opposed Mr. Pei's motion.

On March 27, 2014, Mr. Pei filed a "motion pursuant to Fed. R. Civ. P. 26 and to quash plaintiff Blazek's discovery, and to sanction plaintiff Blazek for contempt of court."  (Doc. 42). Mr. Pei contends that, under Fed. R. Civ. P. 26(d) and (f), a party may not seek discovery prior to the parties conferring. Mr. Pei states, "Plaintiff Blazek did not contact Defendant Pei in any means to discuss discoveries [sic], nor did he attempted [sic] to do so before he sent out his discovery in January 2015." (Doc. 42).  On this basis, Mr. Pei seeks to quash Plaintiffs' discovery requests.  Mr. Pei also states that it is "reasonable to levy a fine on Plaintiff Blazek for his waste of court resources and contempt of court."  Id. at 3.  Plaintiffs filed a memoranda in opposition to the motion on April 8, 2015.  (Doc. 43).

Plaintiffs filed a "motion for court ordered mediation via attorney mediator."  (Doc. 31).  Although Mr. Pei did not file a memoranda in opposition, he addresses Plaintiffs' motion in his "motion to dismiss the case and to sanction pliantiff [sic]

Blazek for his contempt of court and persuant [sic] to F.R.C.P. 11." (Doc. 35). Mr. Pei states that, "[i]n short, because of Plaintiff Blazek's dishonesty, mediation via attorney may be another waste of litigation resource [sic]." Id. at 35. Thus, Mr. Pei does not wish to mediate the matter at this time.

## II. Discussion

This Court first examines Mr. Pei's "motion to quash plaintiff Blazek's discovery requests which violate court order." (Doc. 34). As an initial matter, and contrary to Mr. Pei's argument, the Court will not quash Plaintiffs' discovery requests on the ground that this Court lacks personal jurisdiction over him. That issue is before the District Judge and need not be resolved in order to address the discovery dispute raised in Mr. Pei's motion. Turning to the substance of the motion, Mr. Pei does not set forth or attach the disputed discovery requests. He does, however, specifically object to Plaintiffs' request for "all paystubs from the employer Oppenheimer Company or Oppenheimer Brokerage," on the grounds that this request was "denied in the Court Order" issued on January 16, 2015. Id. at 3. Although not entirely clear, Mr. Pei seems to suggest that Plaintiffs again issued a subpoena from his employer to obtain the requested information.

In their memoranda in opposition, Plaintiffs attach the requests that are purportedly at issue, which are directed to Mr. Pei, and not to his employer. The requests ask Mr. Pei to:

1. Produce all documents, affidavits, witnesses and witness's statements attesting to your contention that you intend to use at trial in this matter.

2. Produce copies of all exhibits that you intend to introduce in this case.

3. Produce all documents that you intend to introduce in this case in support of your claims or in your defense.

4. Produce all witness names you intend to use at trial in this matter.

>    5.  Produce all paystubs from the employer Oppenheimer Company or Oppenheimer Brokerage, [sic]

(Doc. 37, Ex. 1 at 2). In addition to opposing Mr. Pei's motion, Plaintiffs move the Court to compel the requested discovery. Although the motion to compel appears to be directed to Mr. Pei, who is the recipient of the attached discovery requests, Plaintiffs ask the Court to "compel Microsoft to produce the documents requested...." Id. at 3. They also move "to compel Defendant to mediate," which is the subject of a separate motion. Id.

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. See Herbert v. Lando, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed. R. Civ. P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is

relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" Guinn v. Mount Carmel Health Systems, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010) quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D.Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov.18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

With the exception of request number five, the information which Plaintiffs requested from Mr. Pei is subject to disclosure under Fed. R. Civ. P. 26(a)(1). Request number five, which seeks all paystubs from the employer Oppenheimer Company or Oppenheimer Brokerage, warrants separate consideration. It is unclear to this Court how Mr. Pei's paystubs are relevant to Plaintiffs' claims that Mr. Pei published false statements about them on the internet. Plaintiffs bear the initial burden of proving that the information that they seek is relevant, and they have failed to satisfy that burden with respect to request number five. Consequently, Mr. Pei's motion to quash will be denied to the extent that it applies to Plaintiffs' requests numbered one through four and granted as to request number five (Doc. 34), and

Plaintiffs' motion to compel will be granted as to requests numbered one through four and denied as to request number five (Doc. 37).  The Court shall decide the mediation issue separately as raised in Plaintiffs' motion.

The Court now turns to Mr. Pei's "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plaintff [sic] Blazek have [sic] lied again" (Doc. 40).  Plaintiffs have not filed a memorandum in opposition to Mr. Pei's motion.  However, in the midst of addressing a different motion filed by Mr. Pei, Plaintiffs state "[t]o concisely address the matter of failure to serve Defendant with all notices of motions and subpoenas, Plaintiffs have attached as Exhibit "A" a partial list of said notices; Plainitiffs [sic] only oversight in service was in [sic] negligent oversight in sending the 3/18/15 motion.  Defendant was granted addition [sic] time and the issue is now moot."  (Doc. 43 at 3).  There is no motion on this Court's docket dated March 18, 2015.  On that date, Plaintiff Blazek filed a "notice of confirmation of email service transmitted to defendant Pei." (Doc. 41).  In the notice, Mr. Blazek states that he served Mr. Pei with Plaintiffs' response to Mr. Pei's motion for Rule 11 sanctions, for attorneys' fees, and for an oral hearing (Doc. 38).  Mr. Blazek is less clear about whether Plaintiffs served Mr. Pei with their memorandum in opposition to his motion to quash (Doc. 37).  Mr. Blazek states:

> [a]lthough Plaintiff cannot ascertain when the email for motion #37 was sent, he is certain that Defendant Pei would maintain the another [sic] assertion that he never received the motion.  It is quite possible that Defendant Pei destroyed all of the emails; he did so when the Department of Homeland Security requested he provide them with email copies.

(Doc. 41 at 1).  Mr. Blazek maintains that "Plaintiffs do not intend to hide any of the filings with the Court and have been

able to substantiate service on each and every filing up to Document #37." Id.  The attachment to the notice purports to show service of Document #38 on February 24, 2015; however, Mr. Pei maintains in a response e-mail that he did not receive notice until March 11, 2015.  Based upon the findings above, Mr. Pei's motion to file a response to Plaintiffs' opposition to his motion to quash, Document #37, is now moot.  As the Court noted, the information sought by Plaintiffs in requests numbered one through four is subject to disclosure under Fed. R. Civ. P. 26(a)(1), and Mr. Pei's motion to quash will be granted as to request number five.  Thus, Mr. Pei need not file a response to Document #37.  As to Document #38, although it does appear that Mr. Pei received service of this document at some point in time, it is still unclear whether Mr. Pei had an adequate opportunity to respond.  Given that Mr. Pei's motion for Rule 11 sanctions, for attorneys' fees, and for an oral hearing is still pending, the Court will grant Mr. Pei's motion (Doc. 40) to the extent that it requests a fair time to respond to Document #38.  Mr. Pei will be granted fourteen days from the issuance of this Opinion and Order to file a response to Document #38.

Next, the Court considers Mr. Pei's "motion pursuant to Fed. R. Civ. P. 26 and to quash plaintiff Blazek's discovery, and to sanction plaintiff Blazek for contempt of court."  (Doc. 42).  Mr. Pei's motion seems to based on Fed. R. Civ. P. 26(f), which provides that discovery may not ordinarily begin prior to the Rule 26(f) conference.  The record reflects that the parties have met and conferred concerning discovery issues in this case, but there has been no reasonable progress made such that the Court would find an additional conference warranted.  Further, according to Plaintiffs, "absolutely no discovery has yet transpired in this case, nor has it been allowed by Defendant to transpire." (Doc. 43 at 1).  Based upon the foregoing, Mr. Pei's motion will be denied.  (Doc. #42).

Finally, the Court turns to Plaintiffs' "motion for court ordered mediation via attorney mediator." (Doc. 31). As noted above, Mr. Pei does not wish to mediate at this time. The Court has reviewed Plaintiffs' request and finds that this case is not ripe for mediation at this time. Thus, Plaintiffs' motion will be denied. If Plaintiffs chose to do so, they may re-file their motion for the Court's consideration after the Court has ruled on the dispositive motions.

### III. Conclusion

For the reasons set forth above, the "motion to quash plaintiff Blazek's discovery requests which violate court order" is denied to the extent that it applies to Plaintiffs' requests numbered one through four and granted as to request number five (Doc. 34), and Plaintiffs' motion to compel is granted as to requests numbered one through four and denied as to request number five (Doc. 37). The "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plaintff [sic] Blazek have [sic] lied again" is granted to the extent that Mr. Pei requests a fair time to respond to Document #38. (Doc. 40) Mr. Pei is granted fourteen days from the issuance of this Opinion and Order to file a response to Document #38. The remainder of Mr. Pei's "motion to compel Blazek to serve documents to defendants pursuant to F.R.C.P. 5, for fair time to reply, and memorandum that plaintff [sic] Blazek have [sic] lied again" is denied as moot. (Doc. 40). Mr. Pei's "motion pursuant to Fed. R. Civ. P. 26 and to quash plaintiff Blazek's discovery, and to sanction plaintiff Blazek for contempt of court" is denied. (Doc. 42). Finally, Plaintiffs' "motion for court ordered mediation via attorney mediator" is denied. (Doc. 31).

### IV. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

 This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

        /s/ Terence P. Kemp
        United States Magistrate Judge