UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PILLAR TITLE AGENCY, et al.,

    Plaintiffs,

v.

YEZHE PEI, et al.,

    Defendants.

Case No. 2:14-cv-525
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION & ORDER

This matter is before the Court on Defendant Yezhe Pei's Motions to Dismiss for Lack of Personal Jurisdiction (ECF Nos. 26 & 35) and for Sanctions (ECF No. 35). For the reasons that follow, those motions are **DENIED**.

### I. MOTIONS TO DISMISS

*A. Background*

Plaintiff James Blazek brought this suit alleging, among other things, defamation and libel after Pei made comments on two websites about his former attorney.[1] According to the Amended Complaint, Blazek served as Pei's attorney between 2011 and 2013 "with regard to [i]mmigration, [t]axation, [c]orporate, domestic and [c]riminal matters, along with a Customs Enforcement Action proceeding by Homeland Security after seizure of his personal and/or business funds." (Am. Compl. ¶ 8; ECF No. 12.)

After that case concluded, Pei filed a complaint with the Columbus Bar Association, charging that Blazek fraudulently altered their fee contract and stole money from him. The accusations were investigated and the grievance was dismissed. (*See id.* ¶ 11.) Pei then filed

---

[1] Blazek's business, Pillar Title Agency, is the other named plaintiff in this case.

1

another complaint, this time with the Ohio Supreme Court Disciplinary Counsel, pushing the same accusations. Again, it was dismissed following an investigation. (*Id.* ¶¶ 12-13.)

The Amended Complaint here goes on to portray Pei as undeterred, alleging that he then turned to the internet to voice his frustration with Blazek's representation. In March 2014, Pei, now a resident of New York, went on the website "Yelp" and wrote that Blazek "took advantage" of his "lack of legal knowledge," fraudulently stole over $20,000 via a "faked contract," and warned others to "[b]e careful [of] this dishonest lawyer!" (Ex. A; ECF No. 12-1.) A few days later, Pei went on another website, "City-Data," leveled similar accusations against Blazek, and asked for "help and advice from the good Ohio people." (Ex. B; ECF No. 12-2.)

Blazek brought this suit, alleging that Pei published false statements about him and his business on the internet. Pei now moves to dismiss the case, arguing that this Court lacks personal jurisdiction over him under Fed. R. Civ. P. 12(b)(2).

***B. Standard***

The Court recognizes that Pei represents himself in this proceeding. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance,* 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)).

Blazek, as the plaintiff, bears the burden of establishing personal jurisdiction over Pei. *Mich. Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir. 1989). Pei did not support his motion to dismiss by submitting any facts, by way of affidavits, to challenge Blazek's factual allegations. In deciding whether personal jurisdiction exists, it is within this Court's discretion to hold an evidentiary hearing. *Id.* Here, no party asks for a hearing. "[T]he Court can properly rely on [Blazek's] pleadings to resolve the 12(b)(2) motion," *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1019 (E.D. Mich. 2010) (citation omitted), and will do so here. *See Hagen v. U-Haul Co. of Tennessee*, 613 F. Supp. 2d 986, 1002 (W.D. Tenn. 2009) (analyzing the complaint where defendant did not offer any supporting affidavit to contest factual allegations). Because the Court declines to hold an evidentiary hearing, the plaintiff's burden is "relatively slight" and the pleadings must be considered in the light most favorable to plaintiff. *See Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir. 1988) (internal quotation marks omitted). Blazek need only make a prima facie showing of personal jurisdiction. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

*C. Analysis*

The parties dispute only whether specific personal jurisdiction exists here. Specific jurisdiction is present "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). "In a diversity action, the law of the forum state dictates whether personal jurisdiction exists, subject to constitutional limitations." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). In deciding whether specific personal jurisdiction exists here, the Court considers two factors: (1) whether Ohio's long-arm statute "authorize[s]

the exercise of jurisdiction over [the] Defendant[]"; and (2) whether the "exercise of that jurisdiction comports with constitutional due process." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007); *see also Coast to Coast Health Care Servs., Inc. v. Meyerhoffer*, No. 2:10-CV-734, 2012 WL 169963, at *2 (S.D. Ohio Jan. 19, 2012).

Turning first to Ohio's long-arm statute, Blazek maintains that Ohio Revised Code § 2307.382(A)(6) captures Pei's conduct even though he resided in New York when he posted his comments. The Court agrees. That section provides for jurisdiction when a person "[c]aus[es] tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Pei asserts that Blazek suffered no injury, arguing that he "failed to indicate that anybody in Ohio has viewed the posting on the [i]nternet before it was taken down." (Reply at 5; ECF No. 29.) *See Oasis Corp. v. Judd*, 132 F. Supp. 2d 612, 621 (S.D. Ohio 2001) (finding no qualifying injury under Ohio's long-arm statute where plaintiffs complaining about an allegedly defamatory website did not allege or produce evidence to suggest that the communications were received by anyone in Ohio other than the plaintiff). But this overlooks Blazek's allegations that he lost business, profits, good will, and suffered emotional distress as a result of Pei's comments (Am. Compl. ¶ 32), and the Court must review the pleadings in the light most favorable to Blazek. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). As for Pei's insistence that his comments were "truthful," he again overlooks the Court's obligation to read the pleadings in Blazek's favor at this point in the litigation. And Pei's postings could be viewed as being made for the purpose of causing these injuries. The comments accuse Blazek of being a liar who devised a "fake[] contract" to steal over $20,000 from his client. (*See* Exs. A & B.) Indeed, another visitor to the City-Data website

commented that Pei was attempting to "drag . . . down" Blazek's name. (Ex. B.) *See Gosden v. Louis*, 687 N.E.2d 481, 488 (Ohio Ct. App. 1996) ("Written matter is libelous *per se* if, on its face, it reflects upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession.").

Pei maintains that he did not direct his comments into Ohio and could not have reasonably anticipated causing injury in the state. Yet his Yelp post lists Blazek's business as located Ohio and warns others to "[b]e careful [of] this dishonest lawyer!" Meanwhile, his other post is directed to the "Ohio people" and acknowledged that City-Data is a "forum . . . for discussion of issues regarding living in this city"—Columbus, Ohio. (Ex. B.) Viewing the Amended Complaint's allegations in the Blazek's favor, as the Court must, Pei made his comments with the purpose of injuring Blazek and "might reasonably have expected that [he] would be injured thereby in this state." Ohio Rev. Code 2307.382(A)(6); *see also Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 792 (Ohio 2010) (holding Ohio Rev. Code § 2307.382(A)(6) satisfied where non-Ohio resident posted comments on internet allegedly defaming Ohio business with the purpose of injuring the company in Ohio).

Having cleared this first hurdle in the personal jurisdiction inquiry, Blazek must next show that exercising jurisdiction over Pei comports with constitutional due process. The "central inquiry is whether [Pei] established certain minimum . . . contacts with Ohio so that the . . . exercise of personal jurisdiction over him [does] not offend 'traditional notions of fair play and substantial justice.'" *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Sixth Circuit in *Southern Machine Co. v. Mohasco Industries, Inc.* established the following three-part analysis for evaluating due process in the context of personal jurisdiction challenges:

5

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968); *see also Air Prods.*, 530 F.3d at 550; *Intera Corp.*, 428 F.3d at 615. This analysis discloses no due process violation here.

First, Pei purposefully availed himself of the forum state. To comply with due process, Pei must have taken actions that create a "substantial connection" with the forum state, such that he "should reasonably anticipate being haled into court there." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). A "plaintiff's residence in the forum may, because of defendant's relationship with the plaintiff, enhance defendant's contacts with the forum. Plaintiff's residence may be the focus of the activities of the defendant out of which the suit arises." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). Pei denies purposefully availing himself of Ohio, arguing that he never "purposefully directed his activities" there. (Reply at 4; ECF No. 29.)

Blazek's allegations belie this contention. Pei knew that Blazek was an attorney licensed in Ohio and his scathing comments target Blazek's legal practice and his reputation there. *See Scotts Co. v. Aventis S.A.*, 145 F. App'x 109, 113 (6th Cir.2005) ("[P]ersonal jurisdiction exists where an individual purposefully directs activities towards the forum state with the intent to cause harm there."). And, Pei apparently intended his comments to reach those living in Ohio. His Yelp post listed the Ohio address of Blazek's business and warned readers to "[b]e careful [of] this dishonest lawyer!" (Ex. A.) Meanwhile, he posted in the "Ohio forum" at City-Data, requested the "help and advice from the good Ohio people," and acknowledged that the forum existed to "discuss[] . . . issues regarding living in" Columbus, Ohio. (Ex. B.) *See Calder v.*

6

*Jones*, 465 U.S. 783, 788-89 (1984) (holding jurisdiction in California appropriate where non-residents wrote allegedly libelous article in magazine because the story concerned the California activities of a California resident and the harm was suffered in California).

Other considerations reinforce Pei's purposeful availment. The substance of his allegations relate to his prior dealings with Blazek in Ohio. *Cf. Cadle Co. v Schlichtmann*, 123 F. App'x 675, 678-79 (6th Cir. 2005) (holding jurisdiction inappropriate because alleged defamatory statements did not relate to any activities plaintiff undertook in forum state and statements were not directed at that state); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) (same). And, Blazek's Ohio reputation is paramount, as his practice does not reach beyond the state's borders. *Cf. Reynolds*, 23 F.3d at 1120 (distinguishing *Calder*, in part, because the plaintiff's "professional reputation [did] not center[] in Ohio"). Thus, Pei could reasonably anticipate that his conduct would cause such an effect in Ohio such that he would be haled into court there. *See Scotts Co.*, 145 F. App'x at 114-15 (6th Cir. 2005) ("In short, [plaintiff] has demonstrated facts sufficient to support a finding that [the non-resident defendants] purposefully directed activities at a resident of Ohio that caused consequences in the forum state and that they therefore should have reasonably foreseen that they could be haled into an Ohio court as a result."); *Koch v. Local 438, United Autoworkers Union*, 54 F. App'x 807, 811-12 (6th Cir. 2002) (per curiam) (finding personal jurisdiction in Tennessee appropriate where non-resident defendant directed allegedly defamatory letter to forum with intent to affect plaintiff there and defendant was aware that plaintiff's professional reputation centered in that forum).

Second, the cause of action arose out of Pei's activities in the forum state. A "lenient standard . . . applies when evaluating the 'arising from' criterion." *Bird*, 289 F.3d at 875. "If a

7

defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). This "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, *have a substantial connection with* the defendant's in-state activities.'" *Third Nat. Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989) (citation omitted).

Such a substantial connection exists here. Pei allegedly made defamatory statements predicated on his dealings in Ohio with Blazek. Without these Ohio contacts, Pei would not have made such defamatory statements. *See Kauffman Racing*, 930 N.E.2d at 797 (holding defamation claim arose from Ohio contacts where defendant's previous Ohio dealings led him to make defamatory statements online).

Third, exercising personal jurisdiction over Pei is reasonable. When the first two *Southern Machine* elements are satisfied, as here, "then an inference arises that this third factor is also present." *CompuServe*, 89 F.3d at 1268. "Several factors are relevant to the reasonableness inquiry, including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Bird*, 289 F.3d at 875 (internal quotation marks omitted). "One aspect of this question must involve consideration of the extent of Ohio's interest in this controversy," *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 232 (6th Cir. 1972) *overruled on other grounds by Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir. 1998), and a forum state has a significant interest in addressing injuries that occur within its borders, *Keeton*, 465 U.S. at 776.

Ohio has a sufficient interest in resolving this case and protecting the business interests of its citizens. *See Bird*, 289 F.3d at 875 ("Ohio has a legitimate interest in protecting the business interests of its citizens."). The allegations and exhibits attached to the Amended Complaint show that Pei directed his comments towards Ohio. These comments allegedly affected Blazek's Ohio business. Thus, Blazek and Ohio's interest in obtaining resolution outweighs any burden that may be imposed on Pei by having to defend the case against him in Ohio. *See Kauffman Racing*, 930 N.E.2d at 797 (concluding that jurisdiction over non-resident defendant is reasonable where he posted allegedly defamatory comments online that were directed at the forum state and the effects were felt there).

Before moving on, Pei's motion to dismiss raises one final wrinkle that needs ironed out. He argues that New York's Strategic Lawsuit Against Public Participation (SLAPP) statute should apply here to block Blazek's claims. (Mot. at 4; ECF No. 26.) A federal court sitting in diversity applies the law, including choice-of-law rules, of the forum state. *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). Ohio has adopted the approach taken in the Restatement (Second) of Conflicts of Law, which creates a "presumption . . . that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 289 (Ohio 1984) (outlining factors to determine which state has the most significant relationship).

Ohio law applies here. Pei asks for New York law to apply because he lives there now. But every other consideration supports the presumption that Ohio has a more significant interest: the injury allegedly occurred there, Pei directed his comments to the state, Blazek and his business are centered in Ohio, and the dispute stems from Blazek and Pei's Ohio-based relationship. *See Morgan*, 474 N.E.2d at 289 (directing courts to consider "(1) the place of the

injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 [of the Restatement (Second) of Conflicts of Law] which the court may deem relevant to the litigation") (footnote omitted)).  Thus, Ohio law applies, and Ohio has no SLAPP statute.

Thus, Pei's Motions to Dismiss (ECF Nos. 26 & 35) are **DENIED**.

## II. MOTION FOR SANCTIONS

Next, Pei moves for the Court to sanction Blazek, first accusing him of contempt of court. Pei maintains that Blazek violated this Court's January 16, 2015 Order (ECF No. 30) that quashed a subpoena sent to Pei's employer that sought Pei's payroll records and "advise[d] Plaintiffs to avoid any future noncompliance with" Fed. R. Civ. P. 45(a)(4), which requires notice and a copy of the subpoena to each party in certain circumstances.  Blazek allegedly violated this order "by filing a defective subpoena." (Mot. at 5; ECF No. 35.)

But Pei offers no evidence and develops no argument to support a finding of contempt. *Damon's Restaurants, Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 628 (S.D. Ohio 2006) (quoting *Glover v. Johnson,* 934 F.2d 703, 707 (6th Cir. 1991)) ("In a civil contempt proceeding, the burden is on the petitioner to 'prove by clear and convincing evidence that the respondent violated the court's prior order.'").  The January 16 Order quashed a subpoena that sought Pei's payroll records from his employer, and advised Blazek to avoid any future noncompliance with Rule 45(a)(4).  (Jan. 16, 2015 Order at 1; ECF No. 30.)  Pei complains that a week after this order, Blazek served him with another subpoena asking for his paystubs.  But the January 16, 2015 Order nowhere stated that Blazek was prohibited from ever seeking such information. Moreover, Pei does not offer the subpoena, and this Court has previously noted the lack of clarity

as to whether the subpoena sought information from his employer or from Pei. (May 12, 2015 Order at 4; ECF No. 45.) In any event, the Court, not seeing the relevance of the information sought, quashed the request for Pei to produce his payroll records. (*See id.* at 6-7.) In light of this and Pei's lack of evidence and developed argument, the Court finds Pei's request for contempt not well taken.

Pei further accuses Blazek of violating Fed. R. Civ. P. 11 by lying to this Court, the mediator, the Columbus Bar Association, and the Ohio Supreme Court. (Mot. at 6-7; ECF No. 35.) Rule 11 is concerned with certifications to the court through the signing of a pleading or other court paper. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). The rule concerns only whether the attorney believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose" at the time that the paper is signed. *Id.* "The rule relates to papers filed in court by an attorney, not to questionable attorney conduct in general." *Id.*; *see also Oganyan v. Square Two Fin.*, No. CV 11-10226 RGK VBKX, 2012 WL 4466607, at *3 (C.D. Cal. Sept. 26, 2012) ("Rule 11 is not intended to apply to general misconduct, and should be limited to papers submitted in violation of the rule.").

Pei's motion refers to conduct not related to papers filed in this court by an attorney and thus does not form a proper basis for Rule 11 sanctions. To the extent that he challenges papers filed by Blazek, his motion misses the mark. Other than conclusory allegations such as Blazek engaging in a "pattern of lies," Pei offers no evidence and develops no argument that Blazek engaged in objectively unreasonable behavior. *See Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014) (noting that Rule 11 sanctions may be awarded only if a

11

party's conduct was objectively unreasonable).[2] Thus, Pei's Motion for Sanctions (ECF No. 35) is **DENIED**. *See Zell v. Klingelhafer*, No. 2:13-CV-00458, 2015 WL 1299542, at *6 (S.D. Ohio Mar. 23, 2015) (denying Rule 11 sanctions where movant argued that declaration was made "in bad faith" but submitted no evidence and simply disagreed with the non-movant's version of the facts); *see also Miller v. First Sec. Investments, Inc.*, 30 F. Supp. 2d 347, 351 (E.D.N.Y. 1998) (denying Rule 11 sanctions where movant offered "no persuasive evidence").

The docket reveals that Pei has moved for sanctions at least three times. (*See* ECF Nos. 35, 42, 44.) The Court reminds Pei of the seriousness of his undeveloped accusations and advises him that Rule 11 applies to pro se litigants such as himself and that appropriate sanctions may be imposed for violation of the rule. *See Smiley v. Gov't Seal*, No. 1:14-CV-191, 2014 WL 996484, at *2 (S.D. Ohio Mar. 13, 2014) *report and recommendation adopted*, No. 1:14CV191, 2014 WL 1343072 (S.D. Ohio Apr. 3, 2014).

### III. CONCLUSION

Pei's Motions to Dismiss (ECF Nos. 26 & 35) and Motion for Sanctions (ECF No. 35) are **DENIED**.

**IT IS SO ORDERED.**

7-13-2015
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] For example, Pei alleges that Blazek "lied in his affidavits" without explaining what affidavits were purportedly fabricated. (Mot. at 4; ECF No. 26.) This appears to be a reference to the underlying fee dispute between Pei and Blazek that led Pei to filing two complaints of attorney misconduct. (*See id.* (alleging that Blazek improperly took money from him).) Any relevance to this case is unclear to the Court. Along the same lines, Pei alleges that Blazek is harming him and his family members. (Reply at 9; ECF No. 29.) Again, the Court is unable to determine the context and relevance of these accusations.