UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PILLAR TITLE AGENCY, et al.,**

        **Plaintiffs,**

v.

**YEZHE PEI, et al.,**

        **Defendants.**

Case No. 2:14-cv-525
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court pursuant to Defendant Yezhe Pei's Motion to Expunge this Case. (ECF No. 50.) For the reasons stated below, the Court **DENIES** Pei's motion.

### I. RELEVANT BACKGROUND

On June 4, 2014, Plaintiffs James Blazek and Pillar Title Agency filed this action alleging, among other things, defamation and libel after Pei made comments on two websites about his former attorney. After litigating this action for a little over a year, Plaintiffs voluntarily dismissed their Amended Complaint. (Mot. for Dismissal, ECF No. 49.)

On April 11, 2023, Pei, proceeding *pro se*, filed the pending Motion to Expunge this Case, which asks the Court to "expunge the record of Case 2014-CV-525 from the Court's docket and the public record, pursuant to the applicable rules and procedures." The Court construes this request as a motion to seal the entire case file.

### II. LEGAL STANDARD

The Sixth Circuit recognizes that "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983.) This interest rests on several grounds, including the public's interest "in ascertaining what evidence and records the District Court and this Court have relied upon in

1

reaching our decisions." *Id.* at 1181. By protecting the public's access to judicial records, courts "serve[s] to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Accordingly, courts apply a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179). The burden of overcoming the "strong presumption in favor of openness" of court records is a heavy one: "'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

The Sixth Circuit's approach largely aligns with the Judicial Conference of the United State's policy articulating the limited circumstances in which an entire case should be sealed. *See* Judicial Conference Policy on Sealed Cases, UNITED STATES COURTS, https://www.uscourts.gov/sites/default/files/judicialconferencepolicyonsealedcivilcases2011.pdf (last visited Apr. 12, 2023). While not binding, the policy statement encourages federal courts to seal entire cases *only* when "required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives such as sealing discrete documents or redacting information, so that sealing an entire case file is a last resort." *Id.*

### III. DISCUSSION

In his motion, Pei asks the Court to "expunge the record of Case 2014-CV-525 from the Court's docket and the public record, pursuant to the applicable rules and procedures." (ECF No. 50.) Pei provides the following reasons to justify his request: (1) this is a civil case that "was

resolved without any finding of liability or wrongdoing of [Pei]"; (2) given the limited number of case records publicly available on the internet, "[r]eaders usually do not get a complete picture about this case . . . and may easily have biased opinions about either party of this case"; (3) sealing this case is "necessary to protect our privacy and prevent any harm or prejudice to our reputation"; (4) "[t]he case involves personal and sensitive information that could be used against me or my family, including my young children, and I would like to prevent this information from being publicly available"; and (5) public access to this case may negatively impact Pei and Pei's family's reputation. (*Id.*)

Pei has failed to carry his burden. His vague and conclusory allegations fall far short of overcoming the "strong presumption in favor of openness" of court records. *See Shane Grp.*, 825 F.3d at 305; *see also Brown & Williamson*, 710 F.2d at 1179–80 (citing *Joy v. North*, 692 F.2d 880, 884 (2d Cir. 1982)) ("A naked conclusory statement that [disclosure will injure a producing party] . . . falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").

The Court begins its analysis with Pei's first justification, which misses the mark—that is, Pei offers no compelling reason justifying why the public's interest in accessing judicial records should yield to his interest in privacy simply because no liability arose from this action. Despite this case resolving without a finding of liability, the Court still issued multiple orders, including a ruling on Pei's motions to dismiss and motion for sanctions. (*See* ECF Nos. 6, 8, 11, 18, 21, 30, 39, 45, 47.) By maintaining access to these records, the Court promotes the public's interest "in ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decision," *see Brown & Williamson*, 710 F.2d at 1181, and the Court provides "the public with a

3

more complete understanding of the judicial system, including a better perception of its fairness." *See Van Waeyenberghe*, 990 F.2d at 849.

Pei's second, third, and fifth grounds fail not only because they are vague and conclusory, but also because they largely concern potential reputational damage stemming from this litigation. The Sixth Circuit has repeatedly held that harm to one's reputation does not outweigh the public's interest in access to court records. *See Kiwewa v. Postmaster Gen. of United States*, No. 18-3807, 2019 U.S. App. LEXIS 9050, 2019 WL 4122013, at *2 (6th Cir. Mar. 26, 2019) ("Harm to reputation is insufficient to overcome the strong presumption in favor of public access . . . ."); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 591 (6th Cir. 2016) ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records"); *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("The private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint. It is not even grounds for keeping the information under seal . . . .").

Finally, Pei's fourth reason similarly fails due to its conclusory nature. Simply alleging that personal information could be used against Pei or his family, without anything more, is "[a] naked conclusory statement that . . . falls woefully short" of the compelling justification necessary to warrant sealing this case. *See Brown & Williamson*, 710 F.2d at 1179–80.

In sum, after carefully reviewing Pei's motion, the Court concludes that the public interest in full access to the work of this Court outweighs Pei's private interest in barring continued public access. Pei has failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to this civil action; therefore, the Court **DENIES** Pei's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Pei's Motion to Expunge this Case. (ECF No. 50.)

This case remains closed.

**IT IS SO ORDERED.**

**4/13/2023**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                                  **EDMUND A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**